812 F.2d 1400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FEDERAL ELECTION COMMISSION, Plaintiff-Appellee,
v.
CAUCUS DISTRIBUTORS, INC., Defendant-Appellant.
 No. 86-1149.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1987.
Decided Feb. 24, 1987.
 
 Before WINTER, Chief Judge, RUSSELL, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 Herbert Ray Rubenstein, for appellant.
 Carol Ann Laham, Federal Election Commission (Charles N. Steele, General Counsel; Richard B. Bader, Assistant General Counsel, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The district court ordered enforcement of an administrative subpoena issued by the Federal Election Commission (FEC) to obtain books, records and data of Caucus Distributors, Inc. (Caucus), and Caucus appeals. We affirm.
 
 
 2
 Caucus, before us, resists enforcement of the subpoena on the ground that (1) it is overbroad and violates the First Amendment rights of the magazine publishers for which Caucus solicits subscriptions and contributions, and (2) the FEC having originally sought enforcement of the subpoena in the district court for the Southern District of New York should be foreclosed from seeking enforcement from the district court for the Eastern District of Virginia. We see no merit in either argument.
 
 
 3
 Our review of the subpoena persuades us that it is not overbroad.* We think that the material sought was relevant to the investigation which had begun. Nor do we perceive any First Amendment violation because Caucus' unsubstantiated fears of a chilling effect on their right to association are overcome by the compelling government interest in proper enforcement of the federal election law. Cf. Buckley v. Valeo, 424 U.S. 1, 66-72 (1976).
 
 
 4
 The initial motion for enforcement made in the Southern District of New York was denied without prejudice. Conditions for renewal of the motion were prescribed but they constituted no bar to a new application for enforcement in another district where venue properly lay.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Among other documents, Caucus was directed to produce, for the period between April 1, 1982 and December 31, 1982 "lists of potential subscribers or contributors ..." We deem this direction to be limited to lists in the possession of Caucus within that period of persons that may have been considered within that period as potential subscribers or possible contributors